# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

[1]   BNSF RAILWAY Company,                          )
      A Delaware Corporation,                        )
                                                     )
            Plaintiff,                               )
                                                     )
      vs.                                            )      Case No. CIV-19-769-G
                                                     )
[1]   CITY OF EDMOND, OKLAHOMA,                       )
      An Oklahoma Municipal Corporation,             )
[2]   CITY OF DAVIS, OKLAHOMA,                        )
      An Oklahoma Municipal Corporation,             )
[3]   TODD HIETT, in his capacity as                 )
      Chairman of the Oklahoma Corporation           )
      Commission,                                    )
[4]   BOB ANTHONY, in his capacity as                )
      Vice-Chairman of the Oklahoma                  )
      Corporation Commission, and                    )
[5]   DANA MURPHY, in her capacity as                )
      Commissioner of the Oklahoma                   )
      Corporation Commission,                        )
                                                     )
            Defendants.                              )

## COMPLAINT

Plaintiff BNSF Railway Company hereby challenges the Oklahoma Blocked Crossing Statute (66 Okla. Stat. Ann. § 190) as preempted by federal law, and alleges as follows against Defendants City of Edmond, Oklahoma, City of Davis, Oklahoma, Oklahoma Corporation Commission Chairman Todd Hiett, Vice-Chairman Bob Anthony, and Commissioner Dana Murphy:

1

## PARTIES TO THE SUIT AND NATURE OF ACTION

1.      Plaintiff BNSF Railway Company ("BNSF") is a railroad company incorporated under the laws of Delaware that operates interstate trains by rail throughout the United States for compensation, including in the state of Oklahoma.

2.      Defendant City of Edmond, Oklahoma ("Edmond"), is an Oklahoma municipal corporation.

3.      Defendant City of Davis, Oklahoma ("Davis"), is an Oklahoma municipal corporation.

4.      Defendants Todd Hiett, Bob Anthony, and Dana Murphy are Chairman, Vice-Chairman, and Commissioner, respectively, of the Oklahoma Corporation Commission ("OCC").

5.      Effective July 1, 2019, Oklahoma enacted 66 Okla. Stat. Ann. § 190 which prohibits railcars from blocking vehicular traffic at railroad intersections for more than ten (10) minutes, with a number of exceptions including a one-time exception for an additional ten (10) minutes (hereinafter the "Blocked Crossing Statute").

6.      The Blocked Crossing Statute seeks to grant jurisdiction to municipalities, county sheriffs, and state highway patrol officers to issue citations to railroad companies for purported violations and requires these citations to be enforced before the OCC.

7.      Through the issuance of an emergency rule (OAC 165:32-1-13) entitled "Commission Enforcement of Blocked Crossing Citations," the OCC instructs law enforcement officers how to institute enforcement actions before the OCC through the filing of a verified complaint, which then results in the OCC Secretary issuing a Citation

for Contempt and setting a hearing date to adjudicate the citation before an OCC Administrative Law Judge (OAC 165:5-19-1).

8.      On July 17, 2019, and on July 29, 2019, respectively, a City of Edmond police officer issued separate citations to BNSF alleging violations of the Blocked Crossing Statute at intersections within the city of Edmond, Oklahoma.

9.      On July 30, 2019, the City of Edmond's Assistant City Attorney filed a Complaint against BNSF before the OCC to institute enforcement proceedings for the two Edmond citations, and the OCC Secretary issued a Citation and Notice of Hearing, setting a hearing for contempt on August 28, 2019, at 8:30 a.m. at the OCC Oklahoma City Jim Thorpe Office Building.  True and correct copies of the two citations, the City of Edmond Complaint, and the OCC Citation and Notice of Hearing are appended as Exhibit "1."

10.      On July 16, 2019, a City of Davis police officer issued a citation to BNSF alleging violation of the Blocked Crossing Statute at an intersection within the city of Davis, Oklahoma.

11.      On August 1, 2019, the City of Davis's City Attorney filed a Complaint against BNSF before the OCC to institute enforcement proceedings for the Davis citation, and the OCC Secretary issued a Citation and Notice of Hearing, setting a hearing for contempt on August 28, 2019, at 8:30 a.m. at the OCC Oklahoma City Jim Thorpe Office Building.  True and correct copies of the citation, the City of Davis Complaint, and the OCC Citation and Notice of Hearing are appended as Exhibit "2."

12.     Numerous operational, safety and economic factors influence when a train stoppage blocks a vehicle intersection and the duration of the stop, including without limitation opposite traveling train "meet and passes," emergency operational events, limitations on train employees' on-duty time imposed by the federal Hours of Service Laws, federal requirements to conduct brake tests after reconnecting cars detached from a train, train speed and train length.

## JURISDICTION AND VENUE

13.     This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because the Oklahoma Blocked Crossing Statute is preempted under the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. § 10101 *et seq.*, the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20101 *et seq.*, and the Supremacy Clause of the United States Constitution, art. VI, cl. 2.   BNSF seeks declaratory and injunctive relief pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. § 2201 *et seq.*, and Fed.R.Civ. P. 65.

14.     Venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. §1391(b)(1) and (2) because the City of Edmond, Oklahoma, and the OCC reside in the Western District of Oklahoma and all Defendants are residents of Oklahoma, and because Defendants have filed a complaint and seek to cite BNSF for contempt under the Oklahoma Blocked Crossing Statute at the OCC's offices within the Western District of Oklahoma.

**FIRST CLAIM FOR RELIEF: THE BLOCKED CROSSING STATUTE IS PREEMPTED UNDER THE ICCTA**

15.     The Supremacy Clause of the United States Constitution provides that federal law "shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. Art. VI, cl. 2.

16.     Accordingly, under the doctrine of preemption, a corollary to the Supremacy Clause, any state or municipal law that is inconsistent with federal law is without effect.

17.     The ICCTA vests the Surface Transportation Board ("STB") with broad jurisdiction over transportation by rail carriers and, in particular, gives the STB exclusive jurisdiction over "(1) transportation[1] by rail carriers[2] … and (2) the construction, acquisition, operation, or discontinuance of … tracks, or facilities." 49 U.S.C. § 10501(b).

18.     The ICCTA contains an express preemption clause indicating that "the remedies provided under this part with respect to regulation of rail transportation are

---

[1]     The ICCTA (49 U.S.C. §10102(9)) defines "transportation" to include:

(A) a locomotive, car, vehicle, vessel, warehouse, wharf, pier, dock, yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, by rail, regardless of ownership or an agreement concerning use; and

(B) services related to that movement, including receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, and interchange of passengers and property.

[2]     "Rail Carrier" is defined under the ICCTA to include "a person providing common carrier railroad transportation for compensation." 49 U.S.C. §10102(5)

5

exclusive and preempt the remedies provided under Federal or State law." 49 U.S.C. §10501(b).

19.     Every court in the United States that has applied the ICCTA preemption analysis to blocked crossing laws has ultimately found that such laws are preempted.

20.     BNSF seeks a declaratory judgment from the Court declaring that the Oklahoma Blocked Crossing Statute is preempted under the ICCTA.

21.     Defendants' enforcement actions under the Blocked Crossing Statute present BNSF with an immediate threat of irreparable harm, and BNSF has a substantial likelihood of success on the merits such that BNSF is entitled to preliminary and permanent injunctions enjoining the OCC, the City of Edmond, and the City of Davis from any actions to enforce the Blocked Crossing Statute.

## SECOND CLAIM FOR RELIEF: THE BLOCKED CROSSING STATUTE IS PREEMPTED UNDER THE FRSA

22.     The Supremacy Clause of the United States Constitution provides that federal law "shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. Art. VI, cl. 2.

23.     Accordingly, under the doctrine of preemption, a corollary to the Supremacy Clause, any state or municipal law that is inconsistent with federal law is without effect.

24.     The FRSA's purpose is to "promote safety in every area of railroad operations and reduce railroad-related accidents and incidents." 49 U.S.C. § 20101.

25.     The FRSA entrusts the Secretary of Transportation with broad powers to "prescribe regulations and issue orders for every area of railroad safety." 49 U.S.C. § 20103.

26.     The FRSA has an express preemption provision that reads:

> Laws, regulations, and orders related to railroad safety shall be nationally uniform to the extent practicable. A State may adopt or continue in force a law, regulation, or order related to railroad safety until the Secretary of Transportation prescribes a regulation or issues an order covering the subject matter of the State requirement. A State may adopt or continue in force an additional or more stringent law, regulation, or order related to railroad safety when the law, regulation, or order -
> (1) is necessary to eliminate or reduce an essentially local safety hazard;
> (2) is not incompatible with a law, regulation, or order of the United States Government; and
> (3) does not unreasonably burden interstate commerce.

49 U.S.C. § 20106.

27.     Every court in the United States but one considering FRSA preemption has found blocked crossing laws are preempted, and the one outlier Court has not been followed even within the state in which it was reported.

28.     BNSF seeks a declaratory judgment from the Court declaring that the Oklahoma Blocked Crossing Statute is preempted under the FRSA.

29.     Defendants' enforcement actions under the Blocked Crossing Statute present BNSF with an immediate threat of irreparable harm, and BNSF has a substantial likelihood of success on the merits such that BNSF is entitled to preliminary and permanent injunctions enjoining the OCC, the City of Edmond, and the City of Davis from any actions to enforce the Blocked Crossing Statute.

**WHEREFORE**, BNSF requests that the Court enter judgment in its favor and against Defendants as follows:

a.       for a declaratory judgment declaring that the Oklahoma Blocked Crossing Statute (66 Okla. Stat. Ann. § 190) is preempted by the ICCTA; or in the alternative,

b.       for a declaratory judgment declaring that the Oklahoma Blocked Crossing Statute (66 Okla. Stat. Ann. § 190) is preempted by the FRSA; or in the alternative,

c.       for preliminary and permanent injunctions to prevent Defendants from enforcing the Oklahoma Blocked Crossing Statute; and

d.       for such further relief that the Court deems just and equitable.

Respectfully Submitted,

*/S/ R. Richard Love, III*
R. Richard Love, III, OBA #14770
J. Dillon Curran, OBA #19442
Bryan R. Lynch, OBA #33559

Of the Firm:
Conner & Winters, LLP
1700 One Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102-7101
405/ 272-5711
rlove@cwlaw.com
dcurran@cwlaw.com
blynch@cwlaw.com

**Attorneys for Plaintiff BNSF Railway Company**