## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BNSF RAILWAY COMPANY,** | ) |
| **A Delaware Corporation,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Case No. CIV-19-769-G** |
| | ) |
| **CITY OF EDMOND, OKLAHOMA,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>ORDER</u>

Plaintiff BNSF Railway Company has filed this lawsuit challenging the constitutionality of Oklahoma's recently enacted "Blocked Crossing Statute," Okla. Stat. tit. 66, § 190. Plaintiff's Complaint seeks declaratory and injunctive relief and names five Defendants. Two are municipal corporations: (1) City of Edmond, Oklahoma; and (2) City of Davis, Oklahoma. The others are individuals sued in their capacity as officials on the Oklahoma Corporation Commission ("OCC"): (3) Todd Hiett (OCC Chairman); (4) Bob Anthony (OCC Vice-Chairman); and (5) Dana Murphy (OCC Commissioner) (collectively, the "OCC Defendants"). *See* Compl. (Doc. No. 1) at 1-2.

Now before the Court is a Motion to Intervene (Doc. No. 25) filed by nonparty Mike Hunter in his official capacity as Attorney General of the State of Oklahoma. Plaintiff has filed a Response (Doc. No. 32), to which Mr. Hunter has replied (Doc. No. 35). No Defendant has filed a response to the Motion.

## I.  The Motion to Intervene

In his Motion, the Attorney General proposes that he be permitted to intervene in his official capacity as a Defendant and file an answer to Plaintiff's Complaint, based upon: (i) Federal Rule of Civil Procedure 5.1(c); (ii) Federal Rule of Civil Procedure 24(a)(2); and (iii) Federal Rule of Civil Procedure 24(b).  As outlined below, intervention of Oklahoma's Attorney General is appropriate in this matter pursuant to Federal Rule of Civil Procedure 24(a)(2).  The Court therefore need not address the propriety of intervention on a constitutional challenge under Rule 5.1 or permissive intervention under Rule 24(b).

Federal Rule of Civil Procedure 24(a)(2) prescribes that the Court "must permit anyone to intervene" as of right in a pending action who can establish "(1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties." Fed. R. Civ. P. 24(a); *Kane Cty. v. United States*, 928 F.3d 877, 889 (10th Cir. 2019).  The Tenth Circuit "has historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene."  *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017).

### A.  Timeliness

This lawsuit was filed on August 22, 2019, and is still in its preliminary stages. Considering "all of the circumstances," the Attorney General's request (filed September 12, 2019) is sufficiently timely that allowing intervention will not unduly prejudice the

existing parties. *Id.* (internal quotation marks omitted); *see also* Doc. No. 13 (showing that the Attorney General was served with a copy of the pleading on August 23, 2019).

### B. Interest Relating to the Subject of the Action

The Tenth Circuit has explained that "whether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination." *Coal. of Ariz./N.M. Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 841 (10th Cir. 1996) (internal quotation marks omitted). "A protectable interest is one that would be impeded by the disposition of the action." *W. Energy All.*, 877 F.3d at 1165 (internal quotation marks omitted).

The Attorney General argues that he has an interest in defending the enforceability of the Blocked Crossing Statute as "the 'chief law officer of the state.'" Att'y Gen.'s Mot. at 4 (quoting Okla. Stat. tit. 74, § 18); *cf.* Okla. Stat. tit. 74, § 18b (prescribing that the Attorney General has a duty to "appear in any action in which the interests of the state or the people of the state are at issue" and to "defend . . . any cause or proceeding . . . in which the state may be . . . interested").[1] The Court accepts that "[a]ny ruling on the validity of

---

[1] Plaintiff does assert: "To the extent the Attorney General has an interest or expertise in this matter, he will have full authority to protect such interest and bring the full weight of such expertise to bear as counsel for the Commissioners." Pl.'s Resp. at 6. The OCC Defendants are seeking to be dismissed from this lawsuit, however. And, as presently situated, the Oklahoma Attorney General's Office is not before the Court as a party but as counsel for the OCC Defendants. *See* Doc. No. 23. Further, the Attorney General seeks to be added a defendant in his official capacity as a state officer, rather than to be sued in his individual capacity. *See generally Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

the law would impact the entire State's ability to enforce the law" and finds that this requirement has been met. Att'y Gen.'s Mot. at 4.

### C. Potential Impairment of That Interest

It is only a "minimal burden" for a movant to show that its interests "may be impaired or impeded by the pending litigation." *W. Energy All.*, 877 F.3d at 1167. Here, the Attorney General reasonably argues, and Plaintiff does not dispute, that if Plaintiff succeeds on this lawsuit with only the current parties, "the Attorney General will not be able to defend the State law in any forum," and "[t]he declaratory and injunctive relief requested will prevent future actions." Att'y Gen.'s Mot. at 4. The Attorney General has met his "minimal burden" on this element.

### D. Inadequate Representation by Existing Parties

The burden here on the Attorney General is likewise "minimal," as "the possibility of divergence of interest need not be great to satisfy the burden of the applicant[]." *W. Energy All.*, 877 F.3d at 1168 (alteration and internal quotation marks omitted). Plaintiff objects, however, that "there is no reason to believe the Commissioners would not defend the enforceability of the Blocked Crossing Statute as vigorously and on the same grounds as would the Attorney General because the Attorney General is acting as counsel to the Commissioners." Pl.'s Resp. at 6 (citing *Tri-State Generation & Transmission Ass'n, Inc. v. N.M. Pub. Regulation Comm'n*, 787 F.3d 1068 (10th Cir. 2015)). But rather than "representing [the Attorney General's] interests precisely as [the Attorney General] would," the OCC Defendants are actively seeking to exit the lawsuit and presumably take

their counsel with them, based upon their position that they do *not* enforce the Blocked Crossing Statute.  *Tri-State*, 787 F.3d at 1074; *see* OCC Defs.' Mot. to Dismiss at 1-4.

## II.  Conclusion

For all these reasons, the Attorney General's Motion to Intervene (Doc. No. 25) is GRANTED pursuant to Federal Rule of Civil Procedure 24(a)(2).  The Attorney General shall file its answer (currently presented as an exhibit at Doc. No. 25-1) within seven days of the date of this Order.

IT IS SO ORDERED this 30th day of October, 2019.

_____
CHARLES B. GOODWIN
United States District Judge