# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BNSF RAILWAY COMPANY, )<br>A Delaware Corporation, )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>CITY OF EDMOND, OKLAHOMA, )<br>et al., )<br>)<br>    **Defendants.** ) | Case No. CIV-19-769-G |

## ORDER

Plaintiff BNSF Railway Company has filed this lawsuit challenging the constitutionality of Oklahoma's recently enacted "Blocked Crossing Statute," Okla. Stat. tit. 66, § 190. Plaintiff's Complaint seeks declaratory and injunctive relief and names five Defendants. Two are municipal corporations: (1) City of Edmond, Oklahoma; and (2) City of Davis, Oklahoma. Three are individuals sued in their capacity as officials of the Oklahoma Corporation Commission ("OCC"): (3) Todd Hiett (OCC Chairman); (4) Bob Anthony (OCC Vice-Chairman); and (5) Dana Murphy (OCC Commissioner) (collectively, the "OCC Defendants"). *See* Compl. (Doc. No. 1) at 1-2.

Now before the Court is a Motion to Dismiss Improper Parties (Doc. No. 26) filed by the OCC Defendants. Plaintiff has filed a Response (Doc. No. 33), to which the OCC Defendants have replied (Doc. No. 34). Neither of the other Defendants has responded.

*I.    The Statute*

Effective July 1, 2019, the Blocked Crossing Statute provides in relevant part:

A. As it is immediately necessary for the safety and welfare of the people, no railcar shall be brought to rest in a position which blocks vehicular traffic at a railroad intersection with a public highway or street for longer than ten (10) minutes.

B. Municipalities, county sheriffs and the Oklahoma Highway Patrol shall have the authority to issue a citation to any person or corporation that violates a provision of this section. Such person or corporation shall be subject to a fine of up to One Thousand Dollars ($1,000.00) for each violation. Seventy-five percent (75%) of the collected fine shall be deposited to the credit of the general fund of the entity that issued the citation and the remaining twenty-five percent (25%) shall be credited to the Corporation Commission Revolving Fund established in Section 180.7 of Title 17 of the Oklahoma Statutes. A copy of the citation, along with any information regarding train identification, shall be sent to the Corporation Commission for enforcement of the penalty at a hearing before an administrative law judge of the Commission. The violating entity or individual may appeal the administrative law judge's decision to the Commission en banc. The Commission shall annually deliver an electronic report detailing the number of violations, number of rulings, number of appeals and amount of fines assessed under this section. Commission reports shall be delivered to the Speaker of the Oklahoma House of Representatives, the President Pro Tempore of the Oklahoma State Senate and the Governor. The Commission shall promulgate rules and procedures to effectuate the provisions of this section.

Okla. Stat. tit. 66, § 190.

II.     *The OCC Defendants' Motion*

Plaintiff in its Complaint alleges that the Blocked Crossing Statute is unconstitutional because it is preempted by and inconsistent with governing federal statute. *See* Compl. ¶¶ 15-29. Citing Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the OCC Defendants argue that they are improperly named as defendants on this lawsuit because they "only adjudicate" the challenged statute and "do not enforce" its provisions.[1]

---

[1] The Motion also cites Federal Rule of Civil Procedure 21 but does not present any misjoinder argument or discuss the applicable standard.

2

OCC Defs.' Mot. to Dismiss Improper Parties at 1-2. The OCC Defendants also argue that they should be dismissed from this lawsuit based upon considerations of federal-state comity. *See id.* at 4-5.

III. *Dismissal Under Rule 12(b)(1)*

The OCC Defendants first argue that dismissal is required due to a "lack of subject-matter jurisdiction" pursuant to Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1). "A facial attack on the complaint's allegations regarding subject matter jurisdiction questions the complaint's sufficiency and requires the court to accept the allegations as true." *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009).

The OCC Defendants essentially assert that no justiciable "case or controversy" exists between Plaintiff and these Defendants. *See United States v. Wilson*, 244 F.3d 1208, 1213 (10th Cir. 2001) ("Under Article III of the Constitution, federal courts have subject matter jurisdiction only over 'cases and controversies.'"). The OCC Defendants contend that they act merely as "judicial officers," not enforcers, and thus are not proper parties to a suit challenging a statute. OCC Defs.' Mot. to Dismiss Improper Parties at 2-4 (citing *In re Justices of Sup. Ct. of P.R.*, 695 F.2d 17 (1st Cir. 1982)).[2]

The Court rejects the OCC Defendants' overly narrow construction of the "case or controversy" requirement, however. Plaintiff's Complaint plausibly supports a finding that

---

[2] The OCC Defendants do not invoke Eleventh Amendment immunity or judicial immunity. Nor do they dispute that the Complaint alleges "an ongoing violation of federal law and seeks relief properly characterized as prospective," as required to sue state officials in their official capacities. *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012) (internal quotation marks omitted).

3

the issues in this case are "live" and that Plaintiff has "a legally cognizable interest in the outcome." *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000) ("The crucial question is whether granting a present determination of the issues offered will have some effect in the real world." (omission and internal quotation marks omitted)). Accepting the Complaint's factual allegations as true, as required at this stage, the pleading adequately demonstrates a controversy that is "definite and concrete, touching on the legal relations of the parties having adverse legal interests"—i.e., the relations of Plaintiff and the OCC Defendants. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937); *see, e.g.*, Compl. ¶¶ 8-11, 21, 29. Whether Plaintiff ultimately can prevail upon its claims against the OCC Defendants is a separate matter. *Cf. Cramer v. Okla. Cty. Bd. of Cty. Comm'rs*, No. CIV-18-179-G, 2019 WL 1950415, at *5-6 (W.D. Okla. May 1, 2019) (rejecting argument premised upon a lack of Article III standing that "conflate[d] the justiciabilty of a plaintiff's lawsuit with the plaintiff's ultimate ability to prove a defendant's liability in that lawsuit").

IV. *Dismissal Under Rule 12(b)(6)*

Next, the OCC Defendants seek dismissal based upon Plaintiff's "failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6).

In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted

4

when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011).

The OCC Defendants' argument again rests upon their alleged lack of any responsibility for application of the Blocked Crossing Statute to Plaintiff and for any injury resulting therefrom. These Defendants argue that their actions "are entirely judicial" and that they are not properly sued in this lawsuit because Plaintiff's "remedy is against state actors who can enforce the statute, not merely any party involved." OCC Defs.' Reply at 2; OCC Defs.' Mot. to Dismiss Improper Parties at 3.

Although the OCC Defendants undisputedly act in an adjudicatory capacity with respect to the Blocked Crossing Statute, the Complaint, as well as the statute and regulations cited therein, reflect that the OCC Defendants additionally have "some connection with the enforcement of the [statute]" and "have assisted or currently assist in giving effect to the law," as required for Plaintiff's claims to proceed. *Ex parte Young*, 209 U.S. 123, 157 (1908); *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 828 (10th Cir. 2007); *see, e.g.*, Compl. ¶¶ 6, 7, 21, 29 (citing Okla. Stat. § 66, 190(B) ("A copy of the citation . . . shall be sent to the [OCC] for enforcement of the penalty . . . ."); Okla.

5

Admin. Code § 165:32-1-13 (instructing law enforcement officials how to obtain enforcement of their citations through the OCC)); *cf. Stamford Energy Cos., Inc. v. Corp. Comm'n of Okla.*, 764 P.2d 880, 882 (Okla. 1988) ("[A]lthough the [OCC] acts as a quasi-judicial body it is an administrative agency, not a trial court . . . ."); *Chamber of Commerce v. Edmondson*, 594 F.3d 742 (10th Cir. 2010) (identifying Oklahoma Tax Commission officials as defendants on challenge to constitutionality of state statute); *Muscogee (Creek) Nation*, 669 F.3d 1159 (same). And though the OCC Defendants rely on authority for releasing judges from claims where the judges "sit as arbiters without a personal or institutional stake on either side," the Blocked Crossing Statute itself provides that the OCC retains 25% of all monetary penalties collected through its enforcement process. *In re Justices*, 695 F.2d at 21; *see* Okla. Stat. tit. 66, § 190(B).

The Court therefore finds that Plaintiff has pleaded a plausible claim for relief against the OCC Defendants.

V. *Federal-State Comity*

Finally, the OCC Defendants argue that "[s]tate-[f]ederal comity weighs against maintaining the [OCC Defendants] as parties," because "[o]ur federal system presumes that both state and federal courts are competent to grant relief based on the supremacy of federal law." OCC Defs.' Mot. to Dismiss Improper Parties at 4-5. The OCC Defendants argue that this presumption of comity means that state judicial officers should not be subject to an injunction absent a "compelling reason," as "enjoining the adverse parties in state litigation" would accomplish the same purpose. *Id.* at 5.

6

The Court is not persuaded that it should dismiss the OCC Defendants or otherwise abstain from hearing this lawsuit based on principles of comity. As a threshold matter, there is no indication from the record that any relevant "state litigation" is transpiring. In addition, for the reasons explained above as to the OCC Defendants' connection with enforcement of the Statute, it has been plausibly shown that "injunctive relief directed at" OCC officials "might redress the alleged injury" and would not "be essentially meaningless." *D.G. ex rel. Stricklin v. Henry*, 591 F. Supp. 2d 1186, 1191 (N.D. Okla. 2008).

## CONCLUSION

The OCC Defendants have not shown that their dismissal from this lawsuit is warranted at this stage of proceedings. Accordingly, their Motion to Dismiss Improper Parties (Doc. No. 26) is DENIED.

IT IS SO ORDERED this 30th day of October, 2019.

_____
CHARLES B. GOODWIN
United States District Judge