# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BNSF RAILWAY COMPANY,<br>A Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF EDMOND, OKLAHOMA,<br>et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. CIV-19-769-G<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Plaintiff BNSF Railway Company has filed this lawsuit challenging the constitutionality of Oklahoma's recently enacted "Blocked Crossing Statute," Okla. Stat. tit. 66, § 190. Plaintiff's Complaint seeks declaratory and injunctive relief and names five Defendants. Two are municipal corporations: (1) City of Edmond, Oklahoma ("City of Edmond"); and (2) City of Davis, Oklahoma ("City of Davis"). Three are individuals sued in their capacity as officials on the Oklahoma Corporation Commission ("OCC"): (3) Todd Hiett (OCC Chairman); (4) Bob Anthony (OCC Vice-Chairman); and (5) Dana Murphy (OCC Commissioner) (collectively, the "OCC Defendants"). *See* Compl. (Doc. No. 1) at 1-2.

Now before the Court is Plaintiff's Motion seeking that Defendants be enjoined from prosecuting and enforcing the Blocked Crossing Statute during the pendency of this lawsuit. *See* Pl.'s Mot. Prelim. Inj. (Doc. No. 14). The OCC Defendants have filed a Response (Doc. No. 30), to which Plaintiff has replied (Doc. No. 31). In addition, Defendant City of Davis has filed a Stipulation agreeing to stay enforcement of the Blocked

Crossing Statute while this lawsuit is pending. *See* Stip. (Doc. No. 28). Defendant City of Edmond has not responded to the Motion within the time allowed.

I. *Background*

On July 1, 2019, the Blocked Crossing Statute took effect. The Statute provides in relevant part:

> A. As it is immediately necessary for the safety and welfare of the people, no railcar shall be brought to rest in a position which blocks vehicular traffic at a railroad intersection with a public highway or street for longer than ten (10) minutes.
>
> B. Municipalities, county sheriffs and the Oklahoma Highway Patrol shall have the authority to issue a citation to any person or corporation that violates a provision of this section. Such person or corporation shall be subject to a fine of up to One Thousand Dollars ($1,000.00) for each violation. Seventy-five percent (75%) of the collected fine shall be deposited to the credit of the general fund of the entity that issued the citation and the remaining twenty-five percent (25%) shall be credited to the Corporation Commission Revolving Fund established in Section 180.7 of Title 17 of the Oklahoma Statutes. A copy of the citation, along with any information regarding train identification, shall be sent to the Corporation Commission for enforcement of the penalty at a hearing before an administrative law judge of the Commission. The violating entity or individual may appeal the administrative law judge's decision to the Commission en banc. The Commission shall annually deliver an electronic report detailing the number of violations, number of rulings, number of appeals and amount of fines assessed under this section. Commission reports shall be delivered to the Speaker of the Oklahoma House of Representatives, the President Pro Tempore of the Oklahoma State Senate and the Governor. The Commission shall promulgate rules and procedures to effectuate the provisions of this section.
>
> . . . .
>
> C. Every railroad shall be operated in such a manner as to minimize obstruction of emergency vehicles at public highway grade crossings.

Okla. Stat. tit. 66, § 190.

On August 22, 2019, Plaintiff filed this lawsuit, alleging that the Blocked Crossing Statute is preempted by the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. §§ 10101 et seq., and by the Federal Railroad Safety Act ("FRCA"), 49 U.S.C. §§ 20101 et seq. *See* Compl. ¶¶ 13, 15-19, 22-27.

II. *Preliminary Injunctive Relief*

Plaintiff has requested a preliminary injunction preventing Defendants from enforcing and prosecuting the Blocked Crossing Statute. A preliminary injunction is "an extraordinary remedy," and to obtain such relief, Plaintiff must show: "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." *Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009) (internal quotation marks omitted); *see also Chamber of Commerce v. Edmondson*, 594 F.3d 742, 764-71 (10th Cir. 2010) (upholding district court's entry of a preliminary injunction of a statute alleged to be preempted by federal law).[1]

---

[1] The Tenth Circuit has held that certain "disfavored preliminary injunctions" require a movant to satisfy a heightened burden. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2005); *see O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004). One such disfavored injunction is one that would alter the status quo—defined as "[t]he last peaceable uncontested status existing between the parties before the dispute developed." *Schrier*, 427 F.3d at 1260 (internal quotation marks omitted). Here, with the newly enacted Statute, the "last peaceable uncontested status" is the time period to which Plaintiff wishes to return: prior to the Statute's enactment. *See ACLU v. Praeger*, 815 F. Supp. 2d 1204, 1208-09 (D. Kan. 2011). Plaintiff's request therefore does not seek to disturb the status quo and is not subject to heightened scrutiny.

Plaintiff's showing of these factors is essentially uncontested. *See* OCC Defs.' Resp. at 1-3 (stating that the OCC Defendants should not be subject to an injunction and noting they "do[] not concede" that Plaintiff has met the four preliminary-injunction factors).

## A. *Likelihood of Success on the Merits*

Plaintiff argues that "[e]very jurisdiction to consider the issue ultimately has decided that (1) Federal railroad operational laws expressly preempt state blocked crossing laws, and (2) Federal railroad safety laws cover the issue of block[age] of crossing so as to preempt state laws concerning the same subject." Pl.'s Mot. Prelim. Inj. at 7; *accord* Compl. ¶¶ 19, 27. Plaintiff's Motion cites numerous cases in which courts considering similar state statutes have found them preempted by the exclusive authority of ICCTA and FRCA. *See* Pl.'s Mot. at 11-18. Plaintiff has made a sufficient showing of this element. *See Entm't Merchants Ass'n v. Henry*, No. CIV-06-675-C, 2006 WL 2927884, at *3 (W.D. Okla. Oct. 11, 2006).

## B. *Irreparable Harm*

Plaintiff alleges that it received at least four citations under the Blocked Crossing Statute since its enactment. *See* Compl. ¶¶ 8, 10; Pl.'s Resp. to OCC Defs.' Mot. to Dismiss Improper Parties (Doc. No. 33) at 2 n.1. Plaintiff plausibly argues that if the Statute is ultimately found to be unenforceable, Plaintiff will lack the ability to recover any monetary penalties it has paid to the OCC due to state sovereignty. *See* Pl.'s Mot. Prelim. Inj. at 18. Plaintiffs also assert that compliance with both the federal and state standards may be impossible and that their attempt to do so could expose them to liability. *See id.* at 18-19

(citing *Vt. Ry., Inc. v. Town of Shelburne*, 287 F. Supp. 3d 493, 504 (D. Vt. 2017) ("[T]he only adequate remedy for this injury is to enjoin the enforcement of the Storage Ordinance. Monetary damages will not suffice, as it is not feasible for the Railway to operate in constant violation of a Town ordinance.")). Plaintiff has made a sufficient showing of this element.

### C. The Balance of Equities

Plaintiff argues—with no dispute from Defendants—that harm to its operations will outweigh any potential harm to Defendants. Given the short time that the Blocked Crossing Statute has been in effect, the Court finds that Plaintiff has adequately shown this element.

### D. The Public Interest

Despite the purported safety-related goals of the Blocked Crossing Statute, Defendants' nonconcession does not set forth any reasoned argument that enforcement of the Statute is necessary to the public health or welfare. As pointed out by Plaintiff, the Statute sets forth exceptions to the ten-minute time limit that are not related to safety. *See* Okla. Stat. tit. 66, § 190(C)(2). This factor has been adequately established. *See also Chamber of Commerce*, 594 F.3d at 771 ("Oklahoma does not have an interest in enforcing a law that is likely constitutionally infirm. Moreover, the public interest will perforce be served by enjoining the enforcement of the invalid provisions of state law." (internal quotation marks omitted)).

### E. Bond

Although no party has addressed the provision of a bond, Federal Rule of Civil Procedure 65(c) requires the giving of security as a condition precedent to the granting of

a preliminary injunction.  "However, the Court has discretion to require only a nominal bond, or no bond at all, in a case where issues of overriding public concern or important federal rights are involved."  *Entm't Merchants Ass'n*, 2006 WL 2927884, at *4 (citing *Cont'l Oil Co. v. Frontier Ref. Co.*, 338 F.2d 780, 782 (10th Cir. 1964); *Davis v. Mineta*, 302 F.3d 1104, 1126 (10th Cir. 2002)).  Defendants will suffer no financial harm from an imposition of preliminary injunctive relief preserving the status quo (other than a speculative loss of penalties retained by the OCC).  Plaintiff shall not be required to give security for this preliminary injunction.

## CONCLUSION

For all these reasons, Plaintiff has shown a clear and unequivocal right to entry of the requested preliminary injunction.  Plaintiff's Motion for Preliminary Injunction (Doc. No. 14) is GRANTED.  The preliminary injunction shall be entered by separate order.

IT IS SO ORDERED this 30th day of October, 2019.

_____
CHARLES B. GOODWIN
United States District Judge